## No. 10,797.

### REAGAN, ET AL. *v.* DICK, ET AL.

Decided December 3, 1923.

Action for injunction. Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1.  JUDGMENT—*Res Judicata.* Plaintiffs sought to restrain defendants from claiming ores taken from a mining claim upon which they had a lease. The question of ownership having been determined in another proceeding between the same parties, plaintiffs pled *res judicata* to defenses interposed by defendants. The contention of defendants that the doctrine is not applicable because plaintiffs were operating under a new lease, is overruled, it appearing that the new lease embraced the same parties, property and rights as were involved in the first action.

*Error to the District Court of Gunnison County, Hon. Thomas J. Black, Judge.*

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, Mr. CARL J. SIGFRID, for plaintiffs in error.

Messrs. CRUMP & RILEY, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for an injunction. Judgment for plaintiffs. Defendants bring the case here, and the same is now being considered, and will be determined, on their application for a supersedeas.

The plaintiffs are in possession of, and operating, as lessees, what is known as the Victor Lode Mining Claim. The defendants are the owners of the Morning Star Lode Mining Claim. The defendants are alleged to have interfered with the plaintiffs' operation of the Victor claim by claiming ownership of the ores extracted therefrom and issuing notices to a smelting company in accordance with such claim of ownership. The defendants plead that the ores in question are not taken from any vein the apex of which is on the Victor claim, but that they are taken from a vein apexing on their own claim, the Morning Star claim.

The plaintiffs plead res judicata. In a former action the present defendants were plaintiffs and the present plaintiffs were defendants. In that case substantially the same issues of fact were determined as are involved in the instant case. The principal fact there found, and now involved, is that the ores which the then defendants (now

plaintiffs) were extracting was their own property, and taken from a vein having its apex on the Victor Lode Mining Claim.

The plaintiffs in error contend that the doctrine of res judicata is not applicable in the instant case because, as they say, the plaintiffs below are not claiming under the same right as that under which they claimed when they were defendants in the former action, but are holding under a new lease.

Holding, as plaintiffs are, under a new lease ·from the same owner, affecting the same mining claim, is substantially a claim under the same right as that upon which they stood in the former action. The antagonistic relation which existed between the parties in the former action has in no way been changed or affected, because plaintiffs' new lease, like the former lease, covers the Victor claim, and defendants now, as in the former action, depend on their ownership of the Morning Star claim. There has been no such change in the claim or capacity of the plaintiffs as to preclude them from successfully invoking the doctrine of res judicata.

There is no error in the record. The application for a supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.