No. 10,972.

REAGAN, ET AL. v. DICK, ET AL.

Decided February 2, 1925.

On motion to direct an amendment to the decree.

*Motion Denied.*

1. COURTS—*State and Federal—Injunction.* Generally, an injunction in a state court against proceedings in a federal court is void.

2. *Jurisdiction.* The court, federal or state, which first begins the exercise of its jurisdiction, holds it, and the proceeding cannot be enjoined or prevented by enjoining the parties.

3. *Jurisdiction—Injunction.* When jurisdiction of a state court has first attached, it may enjoin the parties from proceeding in a federal court concerning the identical controversies therein pending.

4. APPEAL AND ERROR—*Fact Findings.* A finding of the trial court, that in a former action between the same parties an injunction was granted against interference with the possession and use of certain mining property and that a proceeding had been begun in the federal court for the purpose of retrying the issues, cannot be reviewed.

5. COURTS—*State and Federal—Injunction.* It appearing from the record that the procedure in a federal court was not the first, but the second exercise of jurisdiction over litigation already in judgment in the state court, an injunction of the latter restraining the parties from continuing the litigation in the federal court, held not to be void.

*Error to the District Court of Gunnison County, Hon. Thomas J. Black, Judge.*

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for plaintiffs in error.

Messrs. CRUMP & RILEY, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendants in error were plaintiffs below and obtained a decree which, among other things, enjoined defendants from continuing the prosecution of certain actions which originated in the federal court of this district and are now in the Circuit Court of Appeals. The case was brought to this court on error and affirmed, 74 Colo. 292, 220 Pac. 990, but no point was made on this particular feature of the decree and defendants now claim it was overlooked; that is, that they had never noticed it was in the decree.

On discovering it, they moved the court below to amend the decree so as not to enjoin the procedure in the federal court. The motion was denied. The case is brought here for review and it is moved that we direct the amendment because the injunction against procedure in the courts of the United States is void.

The defendants in error say that though ordinarily an injunction against procedure in the federal court is void, that it is not so where the state court first begins the exercise of jurisdiction over the subject matter of the litigation, and that it did so in this case.

That in general such an injunction as the present is void, has been held by the highest authority. *Central Nat. Bank v. Stevens,* 169 U. S. 432, 18 Sup. Ct. 403, 42 L. Ed. 807. That the court, federal or state, which first begins the exercise of its jurisdiction, holds it, is clear (15 C. J. 1176), and it follows, of course, that such a proceeding cannot be enjoined or prevented by enjoining the parties. It has been held, however, that when the jurisdiction of a United States court has first attached it may enjoin the parties from proceeding in a state court concerning "the identical controversies therein pending" and we see no answer to the proposition that the state court in a converse case may do the same. It has actually been done. *Home Ins. Co. v. Howell,* 24 N. J. Eq. 238, cited with approval in *Moran v. Sturges,* 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981, where the court says: "* * * the principle * * * is, that courts for the purpose of pro-

tecting their jurisdiction over persons and subject-matter may enjoin parties who are amenable to their process and subject to their jurisdiction from interference with them in respect of property in their possession or identical controversies therein pending, by subsequent proceedings as to the same parties and subject-matter in other courts of concurrent jurisdiction." If, then, the state court first exercised jurisdiction the injunction should stand.

The complaint in the present action alleges that there was a former action between the parties, see 74 Colo. 293, 294, wherein the present plaintiffs were defendants, in which they were granted an injunction against interference with their possession and use of certain mining property, and that the proceedings in the United States court were begun for the purpose of retrying the issues tried in that former suit, which would be unlawful. *Riverdale Mills v. Mfg. Co.,* 198 U. S. 188, 25 Sup. Ct. 629, 49 L. Ed. 1008. The lower court found this to be true and we cannot review that finding. It follows that upon the record before us the procedure in the federal court is not the first but the second exercise of jurisdiction over litigation, not only begun, but already in judgment in the state court, and the injunction in the present case is not void. Whether, and to what extent the federal court is controlled by these decisions, we do not attempt to decide. If the present plaintiffs proceed against defendants for violation of the injunction in question they must take the risk of prosecution for contempt of the federal court, and a holding by that court that the subject-matter of the former suit in the state court and the suits in the federal court were not the same.

The motion is denied and the action of the district court affirmed.