502 P.2d 967 (1972)
ALLISON DRILLING COMPANY, INC., Plaintiff-Appellant,
v.
KAISER STEEL CORPORATION, Defendant-Appellee.
No. 71-294.
Colorado Court of Appeals, Div. I.
October 25, 1972.
William B. Collister, Denver, for plaintiff-appellant.
Paul A. Kastler, Raton, N. M., for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiff, Allison Drilling Co., Inc., appeals from an adverse judgment on defendant's motion to dismiss its cause of action on the grounds of forum non conveniens. From the pleadings and affidavits presented, *968 these facts appear: Plaintiff is a Texas corporation; defendant, Kaiser Steel, is a Nevada corporation. Both are authorized to do business in Colorado. Allison had been engaged by Kaiser to perform certain core drilling work at Kaiser's Raton, New Mexico, mine. When payment for the completed drilling work was not received, Allison brought an action in the district court of Morgan County, where it maintained a field office, to recover the monies alleged to be due on the account from defendant Kaiser. Kaiser appeared specially and moved to dismiss the action under C.R.C.P. 12(b), asserting the applicability of the doctrine of forum non conveniens. Defendant's motion was granted, and judgment of dismissal was entered accordingly.
This appeal presents the sole question of whether the doctrine of forum non conveniens is available in Colorado as a ground for refusal by a court to exercise jurisdiction over a transitory cause of action which arose outside the state. For the purposes of this appeal, both parties are in agreement that if the doctrine exists in Colorado, there was no abuse of discretion by the trial court in its application.
Although numerous states have adopted the doctrine of forum non conveniens and other states have discouraged its use (See 36 Mo.L.Rev. 106, fn. 8), Colorado courts have not had prior occasion to consider the availability of the doctrine. We agree with the trial court and hold that upon a proper showing forum non conveniens may be applied in this state.
The doctrine of forum non conveniens is founded upon the equitable power of a court to refuse, in its sound discretion, to exercise jurisdiction over a transitory cause of action when, after a consideration of all relevant factors, the ends of justice strongly indicate that the action may be more appropriately tried in a different forum. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Canada Malting Co., Ltd. v. Paterson Steamships, Ltd., 285 U.S. 413, 422, 52 S. Ct. 413, 76 L.Ed. 837.
As a qualification of the otherwise general duty of a court to hear and decide those actions over which it has jurisdiction (England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440; see also Mizar v. Jones, 157 Colo. 535, 403 P.2d 767), the doctrine of forum non conveniens must be applied with restraint and only after a proper showing has been made. Mr. Justice Jackson succinctly stated the correct application of the doctrine in Gulf Oil Corporation v. Gilbert, supra:
"It is often said that the plaintiff may not, by choice of an inconvenient forum, `vex,' `harass,' or `oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (Emphasis supplied.) (Footnote omitted.)
The thrust of forum non conveniens is not to determine the perfect forum but to provide a vehicle for choice between two or more alternative forums to avoid the hardship and expense of the one that is clearly inconvenient. What constitutes a proper showing must, of necessity, turn on the particular facts of each case. Among the relevant factors which a court should consider in reaching its determination are: the relative availability of sources of evidence and the burden of defense and prosecution in one forum rather than another, McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; Gulf Oil Corporation v. Gilbert, supra; the relative availability and accessibility of an alternative forum Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212; Plum v. Tampax, Inc., 402 Pa. 616, 168 A. 2d 315; the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses Gulf Oil Corporation *969 v. Gilbert, supra; the interest of the state in providing a forum for its residents Thompson v. Continental Insurance Co., 66 Cal.2d 738, 59 Cal.Rptr. 101, 427 P.2d 765; Fisher Governor Co. v. Superior Court, 53 Cal.2d 222, 1 Cal.Rptr. 1, 347 P.2d 1; Annot., 48 A.L.R.2d 800; and the interest of the state in the litigation measured by the extent to which the defendant's activities within the state gave rise to the cause of action McGee v. International Life Ins. Co., supra; International Shoe Co. v. Washington, Office of Unemployment Compensation, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Fisher Governor Co. v. Superior Court, supra; see also Safari Outfitters, Inc. v. Superior Court, 167 Colo. 456, 448 P.2d 783.
"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." Gulf Oil Corp. v. Gilbert, supra.

Using these and such other relevant criteria as may appear, a court must weigh the relative advantages and obstacles to a fair trial in the particular forum. Here the considerations strongly indicate the balance to be in favor of the defendant. All of the sources of Kaiser's evidence are in New Mexico. The alleged contract was executed and performed in New Mexico, and the results of the drilling work are physically located there. Kaiser's witnesses reside in New Mexico and are not amenable to Colorado process. Allison's burden of expense and inconvenience in prosecuting its claim in New Mexico is slight when compared with Kaiser's burden of defense in Colorado. There is no suggestion in the record that the courts of New Mexico are not readily available to Allison for determination of its cause of action.
Colorado's interest in providing a forum for redress of its residents is simply inapplicable to this action. Both parties are foreign corporations. The only interest that this state has in either Allison or Kaiser is the isolated fact that both have been authorized to conduct business here. The cause of action did not arise out of and is unrelated to any of Kaiser's activities within Colorado. None of the relevant events took place here. The doctrine of forum non conveniens has no bearing on the right of a foreign corporation, authorized to do business in Colorado, to maintain suit in Colorado courts on litigable rights which have arisen from activities within this state. However, the mere fact of such qualification, standing alone, does not render a corporation immune from application of the doctrine. See International Shoe Co. v. Washington, supra; Fisher Governor Co. v. Superior Court, supra.
In the present case, Colorado has no real interest in either the cause of action or the parties involved. Though properly invoked, jurisdiction in this instance remained subject to the discretionary power of the trial court to decline its exercise. We hold that the doctrine of forum non conveniens is available in Colorado, and we agree with the conclusion of the parties that a proper showing was made to justify its application in this case.
The judgment is affirmed.
*970 PIERCE, J., concurs.
COYTE, J., dissents.
COYTE, Judge (dissenting):
This is a transitory action. The court had jurisdiction of the parties and of the subject matter of the action. Under these circumstances the plaintiff was entitled to proceed to trial and obtain a final adjudication of its claim against defendant.