549 P.2d 415 (1976)
Robert D. KELCE, Plaintiff-Appellant,
v.
TOUCHE ROSS & CO., a partnership, Defendant-Appellee.
No. 75-174.
Colorado Court of Appeals, Div. I.
February 19, 1976.
Rehearing Denied March 11, 1976.
Certiorari Granted May 3, 1976.
Law, Nagel & Clark, P.C., Jeffrey L. Beattie, Denver, for plaintiff-appellant.
Isaacson, Rosenbaum, Spiegleman & Friedman, P.C., Louis G. Isaacson, Sheldon E. Friedman, Denver, for defendant-appellee.
Selected for Official Publication.
*416 VanCISE, Judge.
Plaintiff Robert D. Kelce appeals the dismissal of his action on motion of defendant Touche Ross & Co. We affirm, subject to conditions set forth below.
According to the complaint, Kelce's suit arose out of a 1969 transaction with U.S. Financial Corp. (USF), in which Kelce had exchanged a $5,000,000 interest in a California condominium development for $2,000,000 in consideration not at issue here, and $3,000,000 in USF preferred stock, redeemable in $600,000 annual installments. The first three annual redemptions were made, but USF fell into financial difficulties thereafter and the $1,200,000 balance of Kelce's stock in the corporation remains unredeemed. USF is currently in bankruptcy proceedings, and the stock still owned by Kelce is allegedly worthless.
Kelce brought this action against Touche Ross & Co., the certified public accounting firm which was the independent auditor for USF, seeking to recover $1,200,000 in damages, the amount Kelce claims to have lost as a result of Touche Ross's alleged violation of a duty owed to him under common law tort concepts and California statutes and rules. Touche Ross moved to dismiss based on forum non conveniens and filed affidavits setting forth the pertinent facts, none of which were disputed by Kelce. The court, after a hearing, granted the motion and dismissed the case.

I.
Since Kelce is a Colorado resident, and since Touche Ross is licensed to do business in Colorado, maintains two offices here, and has resident partners engaging in business here, Kelce contends that the trial court abused its discretion in dismissing this case.
The doctrine of forum non conveniens was first expressly announced in Colorado in Allison Drilling Co. v. Kaiser Steel Corp., 31 Colo.App. 355, 502 P.2d 967. That decision briefly reviewed the nature and purpose of the doctrine, and set out the factors to be considered and weighed in determining whether to apply it, namely: The relative availability of sources of evidence and the burden of defense and prosecution in one forum rather than another; the relative availability and accessibility of an alternative forum; the availability of compulsory process for attendance of unwilling witnesses; the interest of the state in providing a forum for its resident; and the interest of the state in the litigation measured by the extent to which the defendant's activities within the state gave rise to the cause of action.
As indicated in Allison, supra, "what constitutes a proper showing [for application of forum non conveniens] must, of necessity, turn on the particular facts of each case." Here, Touche Ross asserted that the pertinent facts were: (1) the transactions out of which Kelce's complaint arose all took place in California, except that Kelce took delivery of the USF stock after he had moved to Colorado; (2) the real estate exchanged for the USF stock was located in California; (3) California state courts or the federal district court for the southern district of California were available to hear the case; (4) Kelce's claims would have to be adjudicated by applying California law, statutory and common; (5) the applicable statutes of limitations had not run against Kelce in the California courts; (6) all books and records dealing with the case are in California; (7) officers of USF would in all likelihood be called by Touche Ross as witnesses in its defense, and compulsory process would be available in California but not in Colorado; (8) anticipated expenses by Touche Ross in transporting witnesses and records to Colorado greatly outweigh those which Kelce would incur in litigating his action in California; (9) eight federal suits had been filed against Touche Ross by various plaintiffs, all based on the firm's role in the collapse of USF, and all of which had been consolidated before a federal multidistrict litigation panel in San Diego; (10) *417 in those actions a plaintiffs' steering committee had already been established in California, and consolidated discovery proceedings were being prepared; (11) five suits based on state law, also arising out of the same facts as to other claimants, had been consolidated in the San Diego Superior Court; (12) litigating this one case in Colorado instead of in California would create needless duplication and expenditure of judicial effort and resources; (13) Colorado has no significant interest in the case which would be protected by providing a forum for the suit.
In opposition, Kelce points out that he offered to compensate Touche Ross for any expenses it would incur by allowing an agent of Kelce to examine the relevant records in California, but that offer was ignored. He argues that letters rogatory can be employed to minimize the effect of an absence of compulsory process. As to the controlling role of California law in the case, he notes that states routinely interpret and apply each others' law in litigation arising out of transitory causes of action. Further, he states that certain logistical difficulties can be expected should he be required to join in the California proceedings already under way. Finally, he asserts that Colorado has a legitimate interest in keeping its courts available to those who pay taxes to support them, and that an additional interest is conferred by the fact that the economic consequences of a plaintiff's loss are felt in his home state. See Crider v. Zurich Insurance Co., 380 U.S. 39, 85 S.Ct. 769, 13 L.Ed.2d 641. Kelce's primary argument, however, is that what was done in this case should not have been done because it has never been done before.
The court pointed out that Touche Ross was a firm of certified public accountants operating in all of the states of the United States, that it does not maintain its principal office in Colorado, that the Touche Ross personnel involved in this case are residents of Southern California, and that all actions giving rise to Kelce's claim took place while he was a resident of California and before his recent move to Colorado. It then found: (1) that there is an alternate forum available for the trial of this case; (2) that trial in Colorado would require the Colorado court to interpret foreign laws and statutes; (3) that trial of this action would represent an unwarranted burden on the Colorado courts; (4) that Colorado has no significant interest in this litigation; (5) that the cost of obtaining the attendance of witnesses and the availability of records is much greater in a Colorado forum than in California; (6) that the books, records and witnesses (other than the plaintiff himself) are outside the reach of Colorado's compulsory process; (7) and that "plaintiff does not gain sufficient advantage from trying the case in Colorado to outweigh the burden placed on everyone else involved in this litigation. . . by his choice of forum." It determined that "the balance of equities weighs strongly and decisively in favor of dismissal," and then concluded:
"[T]hat, while the factor of the parties' residence is a factor and an important factor to be weighed in deciding defendant's motion, that factor does not in this case, even considered most favorably toward the plaintiff, outweigh the burdens and disadvantages to courts, litigants and witnesses alike inherent in trying this action in the Colorado courts."
These findings are supported by the record. Comparing them with the criteria set forth in Allison Drilling, supra, we cannot say that the trial court abused its discretion in granting the motion to dismiss.

II.
Kelce argues further that his right to prosecute the suit in this state is guaranteed him by the Colorado Constitution, Art. II, Sec. 6, which states:
"Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and right and justice should *418 be administered without sale, denial or delay."
We do not construe the constitutional provision cited to preclude the application of forum non conveniens in appropriate cases. The identical issue and essentially identical constitutional provision was before the Missouri Supreme Court in Loftus v. Lee, 308 S.W.2d 654; it there stated:
"When [the Missouri constitutional provision] is considered in its entirety and complete context, it is found to mean that our courts are open to every person to the end that justice be neither denied or delayed. So it would seem clear that if justice would be either denied or prejudicially delayed by the trial court's retention of jurisdiction, the plea of forum non conveniens would not be at odds with the clear wording and intendment of our Constitution. "Therefore, while there can be no doubt that our constitution and general venue statutes make it the policy of this State that our courts shall be open to every person, and so that general policy should remain, but it is also a primary constitutional duty of courts to function to the end that right and justice be administered without sale, denial or delay."

The reasoning expressed by the Missouri Supreme Court applies equally to the instant case. There is no question that Kelce has a right to try his lawsuit in his own state, if its courts have the requisite jurisdiction. But that is not an absolute right and this is not an ordinary case. We are persuaded that, under the unusual facts before the trial court, there was reason to conclude that justice might indeed be delayed if Kelce's suit were allowed to proceed in Colorado, and that it was not a violation of the above quoted constitutional provision to dismiss the case on the basis of forum non conveniens.

III.
The very emphasis on practicalities which militates in favor of affirming the dismissal requires that none of the other rights which the plaintiff has in prosecuting his lawsuit be diminished as a result of the dismissal. In this instance, there is concern about the possible bar to an action in California due to the running of the statute of limitations.
In asking for dismissal, Touche Ross invoked the equitable jurisdiction of the court. Allison Drilling, supra. He who seeks equity must do equity. Therefore, we adopt the position of Gore v. United States Steel Corp., 15 N.J. 301, 104 A.2d 670, in which the granting of a motion to dismiss for forum non conveniens was conditioned upon the defendant's waiving the statute of limitations defense in the new jurisdiction. Specifically, by authority of § 13-4-102(3), C.R.S.1973, we direct that the dismissal in this case be made conditional upon an express waiver by Touche Ross of any statutory limitations defense it might otherwise be entitled to assert by virtue of the passage of time between the filing of this action in the district court and the date this decision becomes final. As the court said in Gore:
"[I]f, perchance, any prejudicial error should later appear with respect to the effectiveness of the defendant's waiver of limitation, relief in our State will undoubtedly be made available . . . ."
See also Restatement (Second) of Conflicts of Laws, Reporter's Notes § 84.
The cause is remanded to the trial court. If Touche Ross files the above referred to waiver with the trial court on or before 30 days following the date of issuance of the mandate, the judgment of dismissal is affirmed. If the waiver is not filed within said period, the judgment is reversed and the complaint shall be reinstated by the court.
KELLY, J., concurs.
COYTE, J., dissents.
COYTE, Judge (dissenting).
I respectfully dissent.
Courts exist primarily to afford a forum to settle litigable matters between disputing *419 parties, Mizar v. Jones, 157 Colo. 535, 403 P.2d 767, particularly residents of the state. The legislature has resolved the issue of inconvenience to a defendant by enacting the Colorado Long Arm Statute, § 13-1-124, C.R.S.1973, thereby establishing that "the transaction of any business within this state" is sufficient grounds upon which to subject an out-of-state resident to jurisdiction without offending "traditional notions of fair play and substantial justice." White-Rodgers Co. v. District Court, 160 Colo. 491, 418 P.2d 527. See 39 U. Colo.L.Rev. 443 (1967).
I have been unable to find any case in which a court has gone so far as to deny relief to a resident plaintiff who has a claim against and who has obtained jurisdiction over a corporation licensed to do business in that state and which as a resident of that state derives all the financial benefits of that residence.