James Allen **BUDDE,** Plaintiff-Appellant,

v.

**KENTRON HAWAII, LTD.,** Jessie B. **Francis and Insurance Company of North America,** Defendants-Appellees.

No. 76–1347.

United States Court of Appeals, Tenth Circuit.

Submitted May 20, 1977.

Decided Oct. 31, 1977.

---

· Edmond R. Eberle, New Orleans, La., for plaintiff-appellant.

Thomas N. Alfrey of Yegge, Hall & Evans, Denver, Colo., for defendants-appellees.

Before SETH, BREITENSTEIN and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

■ The ultimate issue presented in this appeal is whether the trial court erred in dismissing a complaint, and the cause of action pleaded therein, on the ground that the court lacked jurisdiction. The more immediate question is whether a Colorado state court has jurisdiction to hear a claim for damages based on personal injuries sustained as a result of the defendants' negligence, where the plaintiff is a citizen of Louisiana, the two corporate defendants are incorporated in Hawaii and Pennsylvania, respectively, with each corporation qualified to do business in Colorado, and the cause of action is not based on the business activity carried on by either corporation within the State of Colorado, but rather on an accident which occurred in Viet-Nam. In our view, the answer to this question is in the affirmative, and hence the trial court committed error in dismissing the action. We therefore reverse.

The underlying facts are not in dispute. Budde, a civilian employee of a corporation rendering services under contract to the United States Government in Viet-Nam, was injured when a private Jeep in which he was riding as a passenger overturned. The driver of the Jeep was one Jessie Francis, a civilian employee of Kentron Hawaii, Ltd., which, like Budde's employer, was rendering services under contract to the United States Government in Viet-Nam. Budde suffered severe personal injuries, including brain damage, and is said to have no present recollection of the accident. Some time after his return to his home in Louisiana, he received a military accident report which disclosed that Francis was the driver of the Jeep, and that Francis was an employee of Kentron Hawaii, Ltd.

Budde initially filed an action in the federal district court for the Eastern District

of Louisiana against Francis, * Ling-Temco-Vought, Inc., doing business as Kentron Hawaii, Ltd., and its insurer, Insurance Company of North America. That court, in an unreported decision, dismissed the action for the reason that the action was barred by the Louisiana one-year statute of limitations. On appeal, the Fifth Circuit affirmed without formal opinion. *Budde v. Insurance Company of North America*, 502 F.2d 783 (5th Cir. 1974).

Budde next filed similar actions in the federal district courts in Florida and New Mexico, presumably seeking to find a forum in which the applicable statute of limitations had not run. The action in Florida is presently in abeyance pending the outcome of this appeal. The federal district court in New Mexico dismissed the action filed in that court for lack of jurisdiction. On appeal, we affirmed. *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033 (10th Cir. 1975).

Budde then instituted the present proceeding in the United States District Court for the District of Colorado, naming as defendants Kentron Hawaii, Ltd., Jessie Francis and Kentron's insurer, the Insurance Company of North America. As indicated, Francis' whereabouts remain unknown, and presumably he has never been served in any of Budde's several proceedings. At least he was not served in the Colorado proceeding. Kentron Hawaii, Ltd., an Hawaiian corporation, is qualified to do business in Colorado and has designated "The Corporation Company, 1700 Broadway, Denver, Colorado, 80202" as its registered agent for service of process. Budde caused service to be made in Colorado on Kentron Hawaii's designated agent.

The Insurance Company of North America, a Pennsylvania corporation, is also qualified to do business in Colorado. In accordance with Colorado law, Budde caused service to be made on the Insurance Commissioner of the State of Colorado, the designated agent for service of process in Colorado for the Insurance Company of North America.

Kentron Hawaii, Ltd. and Insurance Company of North America filed a motion to dismiss on the ground that the court lacked jurisdiction over them. The trial court granted the motion and dismissed the action as to each. Budde appeals.

The starting point in our analysis of the matter is *Perkins v. Benquet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). In *Perkins*, a non-resident of Ohio filed in an Ohio state court an action *in personam* against a foreign corporation incorporated under the laws of the Philippine Islands. That company temporarily carried on in Ohio, during the Japanese occupation of the Philippines in World War II, a continuous and systematic, but limited, part of its general business. The president of the foreign corporation was personally served in Ohio. The cause of action did not arise in Ohio, nor did it relate to the corporation's activity in Ohio. In *Perkins*, the trial court quashed such service of process and the Ohio Court of Appeals affirmed. Certiorari was granted in order to pass upon the suggestion that federal due process *required* the result reached by the Ohio courts. The Supreme Court held that federal due process did not require the result reached by the Ohio courts, and the case was remanded to the Ohio courts so that the state court could determine whether under the laws of Ohio, "the courts of that State will choose to take jurisdiction over the [Philippine] corporation." In thus holding, the Supreme Court stated that federal due process did not *prohibit* Ohio from opening its courts to the proceeding against the foreign corporation, and, at the same time, neither did federal due process *compel* Ohio to open its courts to such litigation. In other words, it was purely a local Ohio matter.

█ In the instant case, then, we must look to local Colorado law to resolve the present controversy. In this connection we are not concerned with the Colorado long-arm statute. Colo.Rev.Stat. § 13–1–124 (1973). Rather, we are concerned with the Colorado statutory provisions pertaining to

---

* Francis' present whereabouts are not known.

the service of process on a foreign corporation, qualified to do business in Colorado, which has appointed an agent upon whom process may be served, Colo.Rev.Stat. § 7–9–119 (1973).

Before examining Colorado law, however, mention should first be made of our own opinion in *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033 (10th Cir. 1975). In dismissing the present action for lack of jurisdiction, the trial court relied on that case. We believe that case is distinguishable from the present one. In that case we recognized the general rule that in diversity cases "state law determines whether a corporation is subject to process in the state and federal decisions determine only if the state law is constitutional." We noted that New Mexico statutory law did not specifically provide that foreign corporations, qualified to do business in New Mexico, were subject to process for a cause of action not resulting from the corporation's activities in New Mexico. We further commented that "we have not located a New Mexico decision providing a direct answer to the question." Finding no pertinent New Mexico law on the matter, we followed what we believed to be the "preferential construction" to be given foreign corporation process statutes "which excludes their operation if the cause of action does not arise out of business done by the corporation in the state." So, the result reached in the appeal from the judgment of dismissal by the federal district court in New Mexico was dictated by a lack of New Mexico law on the particular matter. Such holding does not preclude a different result when the action is instituted in a state which has local law bearing on the matter. We believe Colorado law exists which dictates a result different from the one reached by us in the New Mexico case.

Rule 4(e)(5), Colorado Rules of Civil Procedure, provides that service on a private corporation may be made by delivering a copy of the summons to the corporation's registered agent. As indicated, both Kentron Hawaii and the Insurance Company of North America have designated agents in Colorado for service of process, and service

was in fact made on such agents. Hence, service in the instant case met the requirement of the local Colorado rule, as well as Rule 4(d)(3), Federal Rules of Civil Procedure. However, counsel agree, as do we, that Colorado Rule 4(e)(5) does not in itself confer jurisdiction. It simply delineates how service of process may be effected. We must look elsewhere to ascertain whether a Colorado state court would have jurisdiction to proceed had the present action been instituted in a state court, rather than in the United States District Court for the District of Colorado.

*White-Rodgers Co. v. District Court*, 160 Colo. 491, 418 P.2d 527 (1966) has bearing on the present controversy. There, a Missouri corporation, not qualified to do business in Colorado, manufactured a gas valve which was incorporated into a boiler manufactured in New York, which boiler was later installed in a church in Greeley, Colorado. The boiler exploded, and the church brought suit in a Colorado state court against the Missouri corporation. The action sought damages for negligence and breach of warranty by the Missouri corporation in its manufacture of what was said to be a defective gas valve. Though the Missouri corporation was not qualified to do business in Colorado, it did have an employee who maintained a residence in Colorado, and carried on the business of his employer in a ten-state area, which included Colorado.

In *White-Rodgers* the Missouri corporation filed a motion to quash service on the ground that it was not transacting business in the State of Colorado. The trial court denied the motion and the Supreme Court of Colorado in an original proceeding affirmed, in effect, the action of the trial court. The Colorado Supreme Court concluded that the Missouri corporation through its local Colorado agent was transacting business within the state and thus subject to the jurisdiction of the Colorado courts. One argument advanced in *White-Rodgers* was that since the cause of action did not arise from the activities of the resident agent of the Missouri corporation

in Colorado, jurisdiction should not lie. The Colorado Supreme Court specifically rejected that suggestion, and stated that as long as personal service is had within the state, "the action itself need not arise out of the activities of the agent within the state," citing *Perkins v. Benquet Consolidated Mining Co., supra.*

In our earlier opinion in the New Mexico proceeding, we concluded that because of a lack of local New Mexico law on the subject, New Mexico's foreign corporation process statutes did not include in their operation a cause of action which did not arise out of business done by the corporation in the state of New Mexico. Unlike New Mexico, however, the Colorado Supreme Court in *White-Rodgers* has affirmatively stated that where there is personal service on a foreign corporation within the State of Colorado, the action need not arise out of the activities within the state of the foreign corporation or its agent.

Other Colorado authority having bearing on the present controversy is *Allison Drilling Co., Inc. v. Kaiser Steel Corp.*, 31 Colo. App. 355, 502 P.2d 967 (1972). In *Allison*, a Texas corporation, qualified to do business in Colorado, brought an action in a Colorado state court against a Nevada corporation, qualified to do business in Colorado, to recover for certain drilling work performed by the Texas corporation at the Nevada corporation's mine in New Mexico. The trial court granted a motion to dismiss the action on the basis of the doctrine of *forum non conveniens*. On appeal, the Colorado Court of Appeals affirmed. Chief Judge Silverstein, speaking for the majority in *Allison*, stated that though jurisdiction was "properly invoked," such jurisdiction remained subject to the discretionary power of the trial court to decline to exercise its jurisdiction. The dissent in *Allison* agreed with the majority that the trial court had jurisdiction to hear the matter, and differed from the majority only as concerns the applicability of the doctrine of *forum non conveniens*. The dissenting judge, in accord with the majority, said that though this was a "transitory action," the trial court had jurisdiction of both the parties and the subject matter.

Based on *White-Rodgers* and *Allison*, we conclude that Colorado state courts, unlike New Mexico state courts, have jurisdiction over a foreign corporation qualified to do business in the state where personal service on the foreign corporation is effected within the state, regardless of the fact that the cause of action does not arise out of the foreign corporation's business activity within the state and to the contrary arises out of a transaction occurring in another state. We note that Colorado would appear to be in accord with the general rule on this matter. See 20 C.J.S. *Corporations* § 1922, where the following appears:

*Actions for torts.* A foreign corporation is suable for torts committed in the domestic jurisdiction, if it is found therein in such a sense that process may lawfully be served upon it under the laws of the jurisdiction; and, except in a few jurisdictions, it is a rule that a foreign corporation which is amenable to process within the state may be sued therein for torts committed in a foreign state. The liability of a foreign corporation amenable to process to be sued in the domestic state in an action for personal injuries inflicted in another state has been affirmed in actions by residents, in actions by nonresidents, and in actions where the decisions did not show whether plaintiff was a resident or a nonresident. (Citations omitted.)

Judgment reversed.