## No. C-847

## McDonnell-Douglas Corp., a Maryland corporation v. John S. Lohn

### (557 P.2d 373)

Decided December 13, 1976.

Hansen, Anstine and Hill, Ronald C. Hill, for petitioner.

Colin M. Clark, P.C., for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Lohn, a Colorado resident, brought an action in the Denver District Court seeking to recover damages for injuries sustained by him at the McDonnell-Douglas plant in St. Louis, Missouri. McDonnell-Douglas is a Maryland corporation but is qualified to do business in Colorado. The trial court, while acknowledging jurisdiction, nonetheless dismissed the suit on the basis of *forum non conveniens*. Considering factors including the dif-

ficulty of reconstructing the scaffold on which the accident occurred and the expense of securing witnesses, the court concluded that Missouri would be the more appropriate forum. The court of appeals reversed, 37 Colo. App. 59, 543 P.2d 1315 (1975), disagreeing with the balance as struck by the trial court. We affirm the conclusion of the court of appeals.

We are considering here for the first time the availability of the doctrine of *forum non conveniens* in Colorado courts. Article II, Section 6 of the Colorado Constitution provides:

"Courts of justice shall be open to every person and a speedy remedy afforded for every injury to person, property, or character; and right and justice should be administered without sale, denial, or delay."

Cogent opinions construing similar provisions in the South Carolina and Georgia constitutions lead us to the conclusion that a provision such as Article II, Section 6 limits very stringently the power to exclude resident plaintiffs from our court system where jurisdiction has otherwise been properly established. *Atlantic Coastline R.R. Co. v. Wiggins*, 49 S.E.2d 909 (Ga. App. 1948); *Chapman v. Southern Railway Co.*, 230 S.C. 210, 95 S.E.2d 170 (1956). *But see Loftus v. Lee*, 308 S.W.2d 654 (Mo. 1958).

Moreover, numerous states applying convincing common law doctrine have reached the conclusion that the doctrine of *forum non conveniens* has little place where a suit is brought by a resident plaintiff. For some the fact of residency of a plaintiff is virtually dispositive. *See, e.g., Thomson v. Continental Insurance Co.*, 66 Cal. 2d 738, 427 P.2d 765, 59 Cal.Rptr. 101 (1967); *Fender v. St. Louis Railway Co.*, 125 Ill.App.2d 211, 260 N.E.2d 373 (1970), *rev'd on other grounds*, 273 N.E.2d 353 (1971); *Adams v. Seaboard Coastline R.R. Co.*, 224 S.2d 797 (Fla.App. 1969). For other states and the federal system, residency is a factor of "high significance" which is determinative in nearly all cases. *See, e.g., Koster v. (American) Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); *Silver v. Great American Insurance Co.* 29 N.Y.2d 356, 278 N.E.2d 619, 328 N.Y.S.2d 398 (1972); *Gore v. United States Steel Corp.*, 15 N.J. 301, 104 A.2d 670, *cert. denied*, 348 U.S. 861, 75 S.Ct. 84, 99 L.Ed. 678 (1954).

Based on our constitutional provision and the reasoning of the cases cited above, we hold that the doctrine of *forum non conveniens* has only the most limited application in Colorado courts, and except in most unusual circumstances the choice of a Colorado forum by a resident plaintiff will not be disturbed. Applying that doctrine to the facts here, there were no such unusual circumstances.[1] The trial court weighed competing

[1] We note that in other forums such "unusual circumstances" have struck close to the very basis of jurisdiction. Some exceptions have been carved out for very particular classes of cases, *e.g.*, where the resident plaintiff is only a nominal party. *See Universal Adjustment Corp v. Midland Bank*, 281 Mass. 303, 184 N.E. 152 (1933); *Atchison, Topeka & Santa Fe Ry. Co. v. District Court*, 298 P.2d 427 (Okla. 1956).

claims as to the difficulty and expense of securing witnesses and considered disputed contentions as to the availability of physical evidence. Inconvenience and expense, however, are inherent in all litigation. These factors are insufficient to oust a resident plaintiff from his chosen forum.

In *Allison Drilling Co. v. Kaiser Steel Corp.*, 31 Colo.App. 355, 502 P.2d 967 (1972), and in the opinion in the instant case, the Colorado Court of Appeals indicated that the doctrine of *forum non conveniens* was generally available to Colorado courts subject to a discretionary balancing of competing factors. To the extent that their statements conflict with our opinion here, they are disapproved.

We affirm the conclusion of the court of appeals in this case and remand to it with directions to remand the matter to the district court for further proceedings.