## No. C-940

## Robert D. Kelce v. Touche Ross & Co., a partnership

(557 P.2d 374)

Decided December 13, 1976.

Law, Nagel and Clark, John M. Law, Jeffrey L. Beattie, for petitioner.

Isaacson, Rosenbaum, Spiegleman & Friedman, P.C., Louis G. Isaacson, Joseph J. Stollar, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

We are reviewing here the dismissal of an action instituted in a Colorado district court by a resident plaintiff. The trial court dismissed on the basis of *forum non conveniens* concluding, after a balancing of factors including the location of the evidence, the expense of securing witnesses and the availability of other courts, that Colorado was not an appropriate forum. The court of appeals, 37 Colo. App. 352, 549 P.2d 415 (1976), affirmed this decision. We reverse.

This is one of a large number of suits instituted in various parts of the country which stem from alleged improprieties in the accounting services rendered by the defendant; plaintiff seeks damages resulting from stock purchases allegedly made in reliance on the financial statements of U.S. Financial. All of the numerous federal actions arising from defendant's auditing of that corporation have been consolidated in the federal district court in San Diego, California. Similarly, the California cases have been consolidated in the California Superior Court in San Diego.

As we indicated in *McDonnell-Douglas v. Lohn*, 192 Colo. 200, 557 P.2d 373, announced contemporaneously with this opinion, the doctrine of *forum non conveniens* has little place in Colorado courts. Absent the most unusual circumstances the choice of forum of a resident

plaintiff will not be disturbed. Here the factors of convenience and expense considered by the trial court do not approach the circumstances necessary to deprive a resident of access to his own state's court system.

As an alternative, defendant seeks to have us abate the proceeding in the state court while the federal litigation proceeds. It is true, that after dismissal by the trial court here, the plaintiff then filed his action in the United States District Court for the District of Colorado which then, under federal rules, consolidated the case with the other federal cases in San Diego. Whatever the effect this action in the federal court may have at a later date, it was not a factor at the time the state trial court made its ruling of dismissal. Nor do we find any law which requires a state court which first obtains jurisdiction over a matter to stay its proceedings while another court which subsequently obtained jurisdiction proceeds. *See Reagan v. Dick*, 76 Colo. 544, 233 P. 159 (1925); *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653 (10th Cir. 1946).

We reverse the judgment of the court of appeals and return the matter to it with instructions to remand to the trial court for further proceedings.

MR. JUSTICE ERICKSON does not participate.