STATE of Colorado, DEPARTMENT OF HIGHWAYS, Petitioner,

v.

The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and Gilbert A. Alexander, a Judge of Said Court, Respondents.

No. 81SA335.

Supreme Court of Colorado, En Banc.

Oct. 19, 1981.

Lutz & Berkowitz, P.C., Stephen N. Berkowitz, Denver, for petitioner.

Hall & Evans, Robert S. Treece, Arthur R. Karstaedt, III, Denver, for respondents.

QUINN, Justice.

The petitioner, the Colorado Department of Highways (department), initiated this original proceeding under C.A.R. 21 to prohibit the Denver District Court (respondent) from further proceeding in a negligence action filed against the department on the ground that the respondent abused its discretion in denying the department's motion to change venue. The department's motion was filed pursuant to C.R.C.P. 98(f), which authorizes the court to change the place of trial for the convenience of witnesses. We issued a rule to show cause and now make the rule absolute.

The plaintiffs in the pending negligence action are Mary K. Feldman and Mark Feldman.[1] They filed a complaint in the respondent court stating that on April 5, 1980, Mary Feldman was operating a motor vehicle on Interstate Highway # 70 near Burlington in Kit Carson County, Colorado, and when she drove down the highway exit ramp her vehicle hit a large hole in the pavement and rolled over, thereby causing her serious bodily injury. The complaint alleges the defendant's negligence consisted of its failure to repair the hole and to adequately warn motorists of its presence. At the time of the accident the plaintiffs were residents of Kit Carson County but they subsequently moved to Denver.

Prior to the setting of the case for trial, the department filed a motion to change venue to the district court of Kit Carson County.[2] The department's motion was supported by the affidavit of an assistant maintenance superintendent who investi-

---

1. The pleadings filed in this court do not include a copy of the complaint. We assume, however, that Mark Feldman is the husband of Mary Feldman. Our recitation of the allegations in the complaint is based on the statements contained in the pleadings filed in this proceeding.

2. Under C.R.C.P. 98(e) a motion to change venue ordinarily must be filed within the time permitted for the filing of motions under C.R.C.P. 12(b)(1) to (4), that is within 20 days after the service of the summons and complaint; otherwise, it is deemed waived. However, C.R.C.P. 98(e) expressly excepts from these filing requirements a motion to change venue based on the convenience of witnesses, which may be filed "prior to the time a case is set for trial . . . unless the court, in its discretion, upon motion filed or of its own motion, finds that a change of venue should be ordered."

gated the accident for the department. His affidavit listed the names and addresses of fifteen witnesses whom the department intends to call at trial, along with a brief description of their testimony. The witnesses include six employees of the department, two Colorado state highway patrolmen, an emergency room physician, an ambulance attendant and five persons who observed either the condition of the road prior to the accident or the Feldman vehicle immediately after the accident. All of the witnesses reside in Kit Carson County. The affidavit further averred that the department was operating with very few employees due to budgetary limitations and that it would be impossible to maintain the roads in the Burlington area with so many employees attending a trial in Denver.

The Feldmans filed a response to the motion, asserting that they and their medical witnesses reside in Denver. The respondent court denied the motion to change venue because, in its view, the narrow limitation placed on the doctrine of *forum non conveniens* by this court's decision in *McDonnell-Douglas Corp. v. Lohn*, 192 Colo. 200, 557 P.2d 373 (1976), virtually prohibits a Colorado court from changing the venue of a case properly filed in an appropriate forum by a Colorado resident. We conclude the respondent court misapprehended the legal principles pertinent to a proper resolution of the department's motion to change venue.

■ The doctrine of *forum non conveniens* generally refers to the power of a court to dismiss a case because the forum chosen would seriously inconvenience a party and a more convenient forum is available in some other jurisdiction for the resolution of the controversy. *See, e. g., Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *see generally* Annot., *Doctrine of Forum Non Conveniens: Assumption or Denial of Jurisdiction in Action Between Nonresident Individuals Based Upon Tort Occurring Within Forum State*, 92 A.L.R.3d 797 (1979). In *McDonnell-Douglas Corp. v. Lohn, supra,* this court noted that Article II, Section 6, of the Colorado Constitution, which requires all courts be open to every person, "limits very stringently the power to exclude resident plaintiffs from our court system where jurisdiction has otherwise been properly established." 192 Colo. at 201, 557 P.2d at 373. Accordingly, it was there held that the doctrine of *forum non conveniens* "has only the most limited application in Colorado courts, and except in most unusual circumstances the choice of a Colorado forum by a resident plaintiff will not be disturbed." 192 Colo. at 201, 557 P.2d at 374; *accord, Kelce v. Touche Ross & Co.*, 192 Colo. 202, 557 P.2d 374 (1976). While *McDonnell-Douglas* clearly indicates that the power of a Colorado court to dismiss an action on the basis of *forum non conveniens* is severely limited, the case was not intended to render a Colorado court powerless to grant a motion to change venue to another judicial district within the state merely because the action has been commenced by a Colorado resident in a Colorado court. Rather, motions to change venue are to be resolved within the framework of C.R.C.P. 98.

■ C.R.C.P. 98(f) provides that "[t]he court may, on good cause shown, change the place of trial ... when the convenience of witnesses and the ends of justice would be promoted by the change." The motion is addressed to the sound discretion of the court and "the movant must show, through affidavit or evidence, the identity of the witnesses, the nature, materiality and admissibility of their testimony, and how the witnesses would be better accommodated by the requested change in venue." *Sampson v. District Court*, 197 Colo. 158, 160, 590 P.2d 958, 959 (1979). When the movant makes such a showing, the party opposing the change must at least balance the showing made by the moving party. *Cliff v. Gleason*, 142 Colo. 500, 351 P.2d 394 (1960). Otherwise, the motion should be granted.

■ In this case the department demonstrated by affidavit that its witnesses, who were substantial in number, would be better accommodated by the change of venue to the district court of Kit Carson County. The inconvenience to the department's wit-

nesses in traveling from Kit Carson County to Denver, a distance of over 150 miles, coupled with the imposition of a Denver trial on the witnesses' employment responsibilities and time, were matters which the respondent court, in its sound discretion, should have weighed in deciding the motion. "To the greatest extent possible, consistent with specific venue provisions and the prompt disposition of judicial business, courts should attempt to accommodate the litigants and their witnesses. This accommodation extends to the place of trial. C.R. C.P. 98." *Bacher v. District Court*, 186 Colo. 314, 319, 527 P.2d 56, 58–59 (1974).

The respondent court's mistaken belief that it lacked the authority to grant the department's motion for change of venue prohibited it from exercising a reasonable discretion in resolving the motion. The motion should be resolved expeditiously by the court on the basis of "the convenience of witnesses and the ends of justice." C.R. C.P. 98(f). The court may permit the parties to present additional evidence on the motion by affidavit or testimony.

The rule to show cause is made absolute and the district court is instructed to proceed in accordance with the views expressed herein.

