Jack **CRANE**, as Personal Representative of the Estate of Steven W. Crane, on behalf of Stevee Christon Crane **COOK**, and **Rhonda Lee Cook**, as mother and next friend of Stevee Christon Crane Cook, Plaintiffs-Appellants,

v.

Mark **MEKELBURG**,
Defendant-Appellee.

No. 83CA0880.

Colorado Court of Appeals,
Div. II.

April 26, 1984.
Rehearing Denied June 7, 1984.
Certiorari Denied Nov. 19, 1984.

Fischer & Wilmarth, Steven G. Francis, Fort Collins, for plaintiffs-appellants.

Anderson, Sommermeyer, Wick & Dow, Samuel L. Anderson, Kent N. Campbell, Fort Collins, for defendant-appellee.

TURSI, Judge.

Plaintiff, Stevee Christon Crane Cook, alleged posthumous child of Steve W. Crane (decedent), by Jack Crane, the personal representative of decedent's estate, and by Rhonda Lee Cook, plaintiff's mother and next friend, appeals the trial court's dismissal of her wrongful death claim

against defendant, Mark Mekelburg. Plaintiff argues that the trial court erred in ruling that a previous wrongful death action maintained in Wyoming was *res judicata* as to her claim. We reverse.

In June 1980, decedent was killed in Wyoming while a passenger in a car driven by defendant. On March 10, 1981, decedent's father, Jack Crane, brought a wrongful death action against defendant in Wyoming. *See* Wyo.Stat. § 2–14–201 and 2–14–202 (1977) (renumbered § 1–38–101, 102 (1983 Cum.Supp.)). The action was brought by Jack Crane, in his capacity as personal representative, on behalf of himself, decedent's mother, and decedent's siblings.

On the day of trial, counsel for the plaintiffs in that action, informed defendant and the trial court that decedent had fathered a posthumous illegitimate child. Defendant objected to consideration of this information and obtained an order *in limine* prohibiting any mention of the child during trial. At trial, the court granted defendant's motion requiring that each named statutory beneficiary prove his or her pecuniary loss, and that the jury assess damages on an individual basis. The jury determined negligence to be 70% on the part of defendant, and 30% on the part of decedent. The jury assessed damages for the individual beneficiaries, and the trial court entered judgment thereon. Plaintiff was not mentioned during trial, and no damages were awarded in her favor. The judgment subsequently was affirmed pursuant to an appeal brought by the claimants. *Crane v. Mekelburg,* 728 F.2d 439 (10th Cir.1984.).

Plaintiff was born in Wyoming approximately two months after decedent's death. Plaintiff and her mother resided in Wyoming until September 1981. At that time, they moved to Larimer County, Colorado, to live with Jack Crane, who has acknowledged plaintiff as his grandchild. Paternity has not been adjudicated.

In May 1982, Jack Crane, and Rhonda Lee Cook, filed this action on behalf of plaintiff seeking damages in the wrongful death of her putative father. The action was brought both under the Wyoming Wrongful Death Statute, Wyo.Stat. § 2–14–201, et seq., and the Colorado Wrongful Death Statute, § 13–21–202, C.R.S. The complaint alleged negligence on the part of defendant, and sought compensatory and exemplary damages. Defendant, a Colorado resident, was served in Larimer County.

Defendant answered and filed a counterclaim, alleging abuse of process because a wrongful death action had previously been adjudicated.

In February 1983, the trial court ordered defendant to file motions to dismiss or for summary judgment on the following issues: (1) Does Colorado or Wyoming substantive law apply to this case; (2) Was the Wyoming action *res judicata* to this claim, thereby barring plaintiff from pursuing this action; (3) Is it permissible for an illegitimate child to maintain a wrongful death action; and (4) Is plaintiff collaterally estopped from relitigating the issue of negligence which was previously adjudicated in the Wyoming action. Defendant filed a motion for summary judgment on the above issues, and also contended that exemplary damages were not recoverable.

In a June 1983 order, the trial court concluded that Wyoming laws of conduct and recovery are applicable to plaintiff's claim; that plaintiff is estopped to relitigate the determination of comparative negligence; and that plaintiff is not barred from pursuing an action to determine her damages. The trial court then stated that since Wyoming law is applicable, Colorado is an improper forum. The trial court concluded that plaintiff's appropriate recourse is to petition the Wyoming federal district court in order to share in the damage award. The order did not address the issue of exemplary damages. Plaintiff appealed.

On September 7, 1983, this court issued an order to show cause why plaintiff's appeal should not be dismissed for lack of a final judgment. On September 8, 1983, the trial court issued an order declaring its previous order to be a final one, and dismissed plaintiff's complaint for the reasons

stated therein and on the doctrine of *forum non conveniens.* This appeal followed.

## I

Generally, in an action for wrongful death, the law of conduct is supplied by the state in which the injury occurred. *Murphy v. Colorado Aviation, Inc.,* 41 Colo.App. 237, 588 P.2d 877 (1978). *See Restatement (Second) of Conflicts* § 175 (1971). In addition, the state which supplies the law of conduct also supplies the law of recovery. *Murphy v. Colorado Aviation, Inc., supra. See Restatement (Second) of Conflicts, supra* at § 178.

Here, the accident causing death occurred in Wyoming. At the time of the accident, decedent, defendant, and plaintiff's mother were residents of Wyoming. Plaintiff was born in Wyoming two months after decedent's death, and resided there at the time the wrongful death action in Wyoming federal district court was filed. In that action, the court applied Wyoming substantive law. Under these facts, we agree with the trial court's conclusion that Wyoming laws of conduct and recovery are applicable to plaintiff's claim.

We disagree, however, with the trial court's conclusion that plaintiff's choice of a Colorado forum is improper because of the doctrine of *forum non conveniens* and considerations of policy militating against forum shopping. The doctrine of *forum non conveniens* has only the most limited application in Colorado courts and, except in the most unusual circumstances, the choice of a Colorado forum by a resident plaintiff will not be disturbed. *McDonnell-Douglas Corp. v. Lohn,* 192 Colo. 200, 557 P.2d 373 (1976). The personal representative, plaintiff, and her mother, were Colorado residents when this action was commenced. There are no unusual circumstances present, thus the doctrine does not apply.

We also agree with the trial court's conclusion that plaintiff is collaterally estopped to relitigate the issue of negligence, as that issue has been adjudicated in the Wyoming action. *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973). In addition, we agree that although paternity is a factual question, illegitimacy is not dispositive of the right to maintain an action for wrongful death. *Jordan v. Delta Drilling Co.,* 541 P.2d 39 (Wyo.1975).

## II

The crux of this appeal is whether Wyoming's wrongful death statute authorizes but a single action for the death of a person. Under the facts presented, we conclude it does not.

In our review of Wyoming law, we have found no direct authority on the issue of whether Wyoming's statute authorizes only a single action for recovery. However, jurisdictions with similar statutory schemes have reached conflicting results.

In California, Arkansas, and Oklahoma, the courts have held that their wrongful death statute authorizes one cause of action only, and that the filing of an action for wrongful death, whether settled or adjudicated, is *res judicata* to all claims for damages based on the wrongful death. *Mayerhoff v. Kaiser Foundation Health Plan, Inc.,* 71 Cal.App.3d 803, 138 Cal. Rptr. 319 (1977); *Reed v. Blevins,* 222 Ark. 202, 258 S.W.2d 564 (1953); and *Wilson-Harris v. Southwest Telephone Co.,* 193 Okl. 194, 141 P.2d 986 (1943). In each of these cases, an action for wrongful death was maintained and either settled or adjudicated without knowledge by the defendant that a party entitled to recover was omitted and unrepresented in the action.

In *Hogan v. Hermann,* 101 Idaho 893, 623 P.2d 900 (1980), the Idaho supreme court declined to follow the single action rule. In that case, the husband of the decedent brought an action for wrongful death. Three days prior to trial, the defendant in the action learned that the decedent's parents, who are entitled to recover under the Idaho statute, were alive and were not joined in the husband's action. Notwithstanding this knowledge, defendant proceeded to settle the husband's ac-

tion. Thereafter, the decedent's parents brought their own action for wrongful death. Defendant contended that the parents' action was barred by the earlier action and settlement with the husband.

The Idaho court concluded that although generally only one action is permitted, the single action rule benefits defendants and therefore may be waived. The court concluded, under the facts presented, that the defendant had waived the rule against splitting of actions by settling the husband's action with knowledge of the decedent's parents as potential claimants. The court noted that the husband did not hold the proceeds of the settlement in trust for the parents; therefore there is no danger of double recovery.

The *Hogan* court relied on *Whitley v. Spokane & Inland Empire Ry. Co.*, 23 Idaho 642, 132 P. 121 (1913). In *Whitley*, the Idaho supreme court concluded that where claimants under Idaho law were precluded by the law of the forum state from joining in a wrongful death action, they were not barred from maintaining an action on their own behalf. The court held that there was an equal duty on both the plaintiff and the defendant to join all potential claimants in the action. And, in addition, the general rule prohibiting the splitting of actions required timely objection by the defendant.

The *Whitley* decision was appealed to, and affirmed by, the United States Supreme Court. *Spokane & Inland Empire R.R. Co., v. Whitley*, 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060 (1915). The Supreme Court concluded that the Idaho statute vested an action for wrongful death in the decedent's beneficiaries, and not his estate. The Court held that the personal representative sues as trustee only on behalf of those beneficiaries who are actually represented in the action. And, it ruled that where an heir is neither named as a party nor represented in the wrongful death action, the beneficiary's cause of action is not extinguished. The Court noted that the defendant had knowledge of the omitted beneficiary and, therefore, is responsible for the predicament in which it found itself.

■ Under Wyoming law, damages are assessed to the statutory beneficiaries, and not to the estate. *Jordan v. Delta Drilling Co., supra.* Its wrongful death statute provides:

"Every person for whose benefit such action is brought may prove his respective damages, and the court or jury may award such person that amount of damages to which it considers such person entitled, including damages for loss of probable future companionship, society and comfort."

Wyo.Stat. § 1–38–102(c) (1983 Cum.Supp.).

■ In the action maintained in Wyoming, pursuant to defendant's motion, the jury assessed damages in favor of the individual beneficiaries. Defendant was aware that a potential beneficiary was omitted from the action. Pursuant to an order based on defendant's *in limine* motion, plaintiff was not represented in the action and did not receive any damages. Under such circumstances, we find the reasoning of the Idaho cases persuasive.

Defendant argues that he could not have been expected to move to continue and to join plaintiff as a party just moments prior to trial. We disagree. Upon learning of the potential beneficiary, defendant had the opportunity to move to continue the action. Instead, he chose to prohibit any mention of plaintiff at trial.

■ Defendant also argues that he could not have been expected to join plaintiff as a party because there was no adjudication of paternity. This argument is without merit. In opposition to defendant's motion for summary judgment, paternity was alleged in an affidavit signed by plaintiff's mother and next friend. This affidavit was not controverted, and therefore, for summary judgment purposes, is taken as true. *Cf. Jordan v. Delta Drilling Co., supra* (in a wrongful death action, an infant will not be burdened with the impossible task of having to have established pa-

ternity by adjudication prior to the putative father's death).

Thus, we conclude that Wyoming's wrongful death statute does not preclude the maintaining of a wrongful death action on plaintiff's behalf. Plaintiff was not represented in the Wyoming federal district court action, and damages were awarded only to the individual claimants in the action. There is no danger of double recovery by plaintiff.

The judgment of the trial court dismissing the wrongful death claim is reversed, and the cause is remanded to the trial court with orders to reinstate plaintiff's claim to litigate her damages. Retrial shall be conducted consistent with the holdings in this opinion. We do not address the issue of exemplary damages as the issue was not decided by the trial court.

BERMAN and KELLY, JJ., concur.