**John CASEY, Plaintiff-Appellant and Cross-Appellee,**

v.

**David TRUSS, Defendant-Appellee and Cross-Appellant.**

**No. 85CA0132.**

Colorado Court of Appeals, Div. III.

Feb. 6, 1986.

Rehearing Denied March 13, 1986.

Certiorari Denied June 16, 1986.

Edward B. Almon, Denver, for plaintiff-appellant and cross-appellee.

March, Myatt, Korb, Carroll & Brandes, Mark L. Korb, Richard S. Gast, Fort Collins, for defendant-appellee and cross-appellant.

KELLY, Judge.

Plaintiff, John Casey, a Colorado resident, appeals the judgment of the trial court dismissing his complaint against David Truss on the basis of *forum non conveniens*. Defendant, David Truss, claims to be a resident of Alaska. The trial court found he had been properly served with process in Colorado. Defendant has abandoned his cross-appeal challenging the propriety of this ruling. We reverse.

Plaintiff moved to Alaska in 1979 and lived there for eighteen months. According to his complaint, while he was living in Alaska he was hired by the defendant to perform certain services for which he was not compensated. In 1984, the plaintiff filed his complaint against the defendant in the Colorado courts.

On defendant's motion, the trial court concluded that Colorado was not the proper forum for the action and declined to exercise its jurisdiction on the basis of the doctrine of *forum non conveniens*. This decision was based on the applicability of Alaskan law to the controversy, the availability of Alaskan courts, and factors of convenience and expense.

We agree with plaintiff's contention that the trial court erred in dismissing the action on the basis of *forum non conveniens*. That doctrine refers to the power of a court to dismiss a case because "the forum chosen would seriously inconvenience a party and a more convenient forum is available in some other jurisdiction for the resolution of the controversy." *State v. District Court*, 635 P.2d 889 (Colo.1981). Application of this doctrine is limited by Colo. Const. art. II, § 6, which requires all courts to be open to every person. Accordingly, except in the "most unusual circumstances," the choice of a Colorado forum by a resident plaintiff will not be disturbed. *McDonnell-Douglas Corp. v. Lohn*, 192 Colo. 200, 557 P.2d 373 (1976).

It is undisputed that Casey was a Colorado resident when this action was commenced, and we perceive no "unusual circumstances" sufficient to deprive him of access to his own state's court system. The factors of inconvenience and expense considered by the trial court are insufficient to oust a resident plaintiff from his chosen forum. *McDonnell-Douglas v. Lohn, supra*. Likewise, the applicability of Alaskan law to this controversy does not justify the trial court's dismissal. *Crane ex rel. Cook v. Mekelburg*, 691 P.2d 756 (Colo.App.1984).

The judgment is reversed and the cause is remanded to the trial court with directions to reinstate Casey's complaint.

METZGER and SILVERSTEIN,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).