**Albert D. QUIST and Karen L. Quist, individually and as next friends of Grant Quist, Plaintiffs–Appellants,**

v.

**SPECIALTIES SUPPLY CO., INC., a Colorado corporation, Defendant–Appellee.**

No. 99CA1847.

Colorado Court of Appeals, Div. V.

Aug. 31, 2000.

Breit, Bosch, Coppola, Caplis & Marlin, P.C., Daniel Caplis, Denver, Colorado; Thomas G. Tasker, LLC, Thomas G. Tasker, Lafayette, Colorado, for Plaintiffs–Appellants.

Levy & Lambdin, P.C., Gerald D. Pratt, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge VOGT.

Plaintiffs, Albert D. and Karen L. Quist, individually and as next friends of Grant Quist, appeal the trial court's summary judgment in favor of defendant, Specialties Sup-ply Co. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiffs entered into an agreement with Ashcroft Homes of Denver, L.L.C. (Ashcroft), to purchase a newly constructed home. Ashcroft hired defendant as a subcontractor on the project to install a natural gas fireplace. When plaintiffs moved into the home and turned on the fireplace for the first time, a fire broke out, causing extensive damage. The fire department subsequently determined that the fireplace was not vented to the outside.

Plaintiffs brought this action against Ashcroft and defendant for actual and exemplary damages, asserting claims for deceptive trade practices in violation of the Colorado Consumer Protection Act (CCPA), § 6–1–101, et seq., C.R.S.1999, breach of implied and express warranties, negligence, negligent infliction of emotional distress, negligent misrepresentation, breach of contract, and intentional infliction of emotional distress.

Plaintiffs and Ashcroft stipulated that all claims against Ashcroft except for the breach of warranty claims would be submitted to binding arbitration in accordance with an arbitration clause in the parties' contract. The arbitrator found Ashcroft liable to plaintiffs on their negligence and breach of contract claims but not on their CCPA or intentional infliction of emotional distress claims. She determined that plaintiffs' damages were $77,287.87 for repairs and $35,000 for emotional distress, and thus awarded them compensatory damages of $112,287.87, plus interest, costs, and attorney fees. Consistent with § 13–21–102(5), C.R.S.1999 (precluding award of exemplary damages in arbitration proceedings), the arbitrator did not address plaintiffs' claims for exemplary damages.

After Ashcroft paid the arbitration award in full, defendant moved for summary judgment on the grounds that: (1) plaintiffs had already recovered their damages from Ashcroft and were not entitled to double recovery, and (2) plaintiffs lacked evidence to support the essential elements of several of their claims.

Concluding that plaintiffs were not entitled to recover damages from defendant for the

same injuries for which they had been compensated by Ashcroft, the trial court granted the motion for summary judgment and dismissed plaintiffs' claims against defendant without reaching defendant's argument regarding the lack of evidence. The summary judgment was certified as final pursuant to C.R.C.P. 54(b).

## I.

Plaintiffs contend that the trial court erred in dismissing their claims on the basis of the double recovery doctrine. We agree in part.

We review a summary judgment *de novo,* applying the same standards that govern the trial court's determination. Summary judgment is warranted only when there is a clear showing that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. All doubts as to the existence of a triable factual issue must be resolved against the moving party, and the non-moving party is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

## A.

As an initial matter, we conclude that the trial court did not err in ruling that plaintiffs could not assert claims against defendant to recover the actual damages for which they had been fully paid by Ashcroft.

A plaintiff may not receive a double recovery for the same injuries or losses arising from the same conduct. *Lexton–Ancira Real Estate Fund, 1972 v. Heller,* 826 P.2d 819 (Colo.1992). The general rule prohibiting double recovery for the same injury applies in cases involving multiple defendants as well as in cases involving multiple claims against a single defendant. *See Cruz v. Benine,* 984 P.2d 1173 (Colo.1999); *DeBose v. Bear Valley Church of Christ,* 890 P.2d 214 (Colo.App.1994), *rev'd on other grounds,* 928 P.2d 1315 (Colo.1996).

Plaintiffs concede that they cannot assert a claim against defendant for the $77,287.87 repair damages which Ashcroft has already paid. However, they argue that they should be able to seek a separate judgment against defendant for their non-economic compensatory damages, since the amount of such damages was determined in an arbitration in which they were compelled to participate, and since their actual damages are relevant to the amount of any punitive damages or CCPA treble damages they might be awarded against defendant.

Contrary to plaintiffs' contention, we conclude that the finding of the arbitrator as to the amount of their actual damages, including non-economic damages, precludes relitigation of that issue in subsequent proceedings against defendant.

Principles of collateral estoppel preclude relitigation of issues decided in an arbitration proceeding if the traditional collateral estoppel test has been met. That test bars relitigation of an issue determined in a prior proceeding if: (1) the issue precluded is identical to an issue actually determined in the prior proceeding; (2) the party against whom estoppel is asserted has been a party to or is in privity with a party in the prior proceeding; (3) there is a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted has had a full and fair opportunity to litigate the issue in the prior proceeding. *Guaranty National Insurance Co. v. Williams,* 982 P.2d 306 (Colo.1999).

The collateral estoppel test is satisfied here. The issue precluded—the amount of plaintiffs' actual non-economic damages—was actually determined in the arbitration; plaintiffs were parties to the arbitration; and the arbitrator's award was final. *See Dale v. Guaranty National Insurance Co.,* 948 P.2d 545 (Colo.1997). As to the fourth factor, although the transcript of the arbitration proceedings is not included in the record on appeal, the arbitration award represents that it is based on the testimony of sworn witnesses and the arbitrator's review of exhibits and briefs, as well as the arguments of counsel; and plaintiffs do not contend that they were denied a full and fair opportunity to litigate the issue of their actual damages in the arbitration proceedings.

We also note that the result reached here through application of collateral estoppel is consistent with the principles set forth in Restatement (Second) of Judgments § 50 (1982)("Discharge of Judgment Against One of Several Co–Obligors"). Comment d to that section states, in pertinent part:

The adjudication of the amount of the loss ... has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from the actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question.... Therefore, when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor who is responsible for the same loss.

Thus, plaintiffs are estopped from relitigating the amount of their actual damages; and, having received full payment of that amount from Ashcroft, they may not recover these damages again from defendant.

### B.

We reach a different conclusion as to plaintiffs' claims for punitive damages and for enhanced damages under the CCPA. The rule against double recovery does not preclude plaintiffs from pursuing claims to recover such damages.

Plaintiffs sought exemplary damages on several claims pursuant to § 13–21–102, C.R.S.1999, alleging that defendant's conduct was willful and wanton.

In their CCPA claim, plaintiffs alleged that defendant had represented to them "that the goods and services installed and employed in the construction of their new home were of a particular standard, quality, or grade when [defendant] knew or should have known that they were of another." Such conduct is a deceptive trade practice under the CCPA. See § 6–1–105(1)(g), C.R.S.1999. Under the CCPA, § 6–1–113(2), C.R.S.1999, a defendant who has engaged in a deceptive trade practice is liable for the plaintiff's attorney fees and costs, as well as for three times actual damages if the defendant's bad faith is established by clear and convincing evidence.

It is undisputed that plaintiffs did not receive any enhanced or exemplary damages in the arbitration proceedings. Accordingly, recovery of such damages from defendant would not amount to an impermissible "double recovery." See Klein v. Spear, Leeds & Kellogg, 306 F.Supp. 743 (S.D.N.Y.1969)(although plaintiff's claim for compensatory damages had been fully satisfied by settlement with one defendant, he was entitled to pursue his claim against other defendants for punitive damages); Sanchez v. Clayton, 117 N.M. 761, 877 P.2d 567 (1994)(reversing summary judgment based on double recovery and permitting plaintiffs to pursue claims for compensatory and punitive damages for which they had not been compensated in settlement with other defendants).

Moreover, the arbitration proceedings have no preclusive effect as to plaintiffs' claims against defendant for these damages. Defendant was not a party to the arbitration. The arbitrator's determination that Ashcroft was not liable to plaintiffs on their CCPA and intentional infliction of emotional distress claims says nothing about whether defendant might be liable to plaintiffs on these claims. Further, as noted, the arbitration award does not address punitive damages at all.

Thus, the trial court's summary judgment must be reversed to the extent it held that the rule precluding double recovery barred plaintiffs from pursuing their claims for enhanced and exemplary damages against defendant.

### II.

Defendant contends that summary judgment should be upheld, regardless of our resolution of the double recovery issue, because plaintiffs failed to present evidence to support several of their claims. We conclude that defendant did not make the showing required to warrant entry of summary judgment on plaintiffs' claims on the basis of lack of evidence.

We note at the outset that, although the trial court did not address defendant's

alternative basis for summary judgment, it was raised and briefed by the parties in that court. Thus, we may address it here. *See Crossroads West Limited Liability Co. v. Town of Parker,* 929 P.2d 62 (Colo.App.1996).

Whenever summary judgment is sought, the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record and of the affidavits, if any, which he or she believes demonstrate the absence of a genuine issue of material fact. Where the moving party does not bear the burden of persuasion at trial, this initial burden of production may be satisfied by showing that there is an absence of evidence in the record to support the nonmoving party's case. However, a conclusory assertion that the nonmoving party has no evidence is insufficient. Rather, in order to shift the burden to the nonmoving party to establish that there is a triable issue of fact, the movant must first affirmatively show the absence of evidence in the record. *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo. 1987).

In its summary judgment motion, defendant argued that plaintiffs could not establish their CCPA claim because they had no evidence that it had misrepresented the standard, quality, or grade of the fireplace or that it had intended to deceive anyone. In support of that statement, defendant attached transcripts of deposition testimony by its installers in which they claimed to have told Ashcroft that no vent had been installed. In regard to plaintiffs' other claims, including their exemplary damages claims, defendant merely asserted that plaintiffs lacked evidence to support their contentions.

Under the standards set forth in *Continental Air Lines, Inc. v. Keenan, supra,* defendant did not satisfy its initial burden of production to warrant summary judgment based on lack of evidence. As noted, defendant relied primarily on conclusory allegations regarding plaintiffs' asserted lack of evidence. The deposition excerpts of its own employees appended to its motion were insufficient to demonstrate the absence of any evidence supporting a CCPA claim.

Moreover, even if defendant's initial burden were deemed satisfied, plaintiffs responded to the summary judgment motion with evidence that defendant's representatives knew that the fireplace was being installed without venting and knew that an unvented fireplace presented an extreme fire hazard. Giving plaintiffs the benefit of all favorable inferences which might be drawn from this evidence, *see Churchey v. Adolph Coors Co., supra,* the trial court could not properly have entered summary judgment on the CCPA claim and the exemplary damages claims.

In sum, we conclude that plaintiffs' complaint should not have been dismissed on summary judgment. Although plaintiffs may not recover from defendant the actual damages for which they have already received payment and may not relitigate the amount of those damages, they must be permitted to attempt to establish their entitlement to treble damages under the CCPA or to exemplary damages under § 13–21–102. *See Lexton–Ancira Real Estate Fund, 1972 v. Heller, supra* (plaintiff who prevails on exemplary damages and CCPA treble damages claims may not be awarded damages on both if the awards arise from the same conduct).

The summary judgment is affirmed insofar as it precludes plaintiffs from pursuing further claims against defendant for their actual damages. In other respects, the summary judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed here.

Judge RULAND and Judge CASEBOLT concur.