**William M. LUEBKE, Plaintiff–Appellant,**

v.

**Ronald L. LUEBKE, U.S. Bank, N.A., Stephen M. Fisher, and Foley & Lardner, LLP, Defendants–Appellees.**

No. 04CA2276.

Colorado Court of Appeals, Div. II.

April 20, 2006.

Certiorari Denied Oct. 2, 2006.

Cristiano Law, LLC, Francis V. Cristiano, Greenwood Village, Colorado; Andrew I. Friedman, Denver, Colorado, for Plaintiff–Appellant.

Stutz, Miller & Urtz, LLC, Charles A. Miller, R. Gregory Stutz, Denver, Colorado, for Defendant–Appellee Ronald L. Luebke.

Block Markus Williams, L.L.C., Donald J. Quigley, Thomas J. Bissell, Denver, Colorado, for Defendants–Appellees U.S. Bank, N.A., Stephen M. Fisher, and Foley & Lardner, LLP.

CARPARELLI, J.

Plaintiff, William M. Luebke (beneficiary), appeals the probate court's order dismissing his complaint against defendants, Ronald L. Luebke, U.S. Bank, N.A., Stephen M. Fisher, and Foley & Lardner, LLP (collectively trustees), pursuant to § 15–16–203, C.R.S.2005. We affirm.

I.

Beneficiary, a Colorado resident, is the disabled beneficiary of an irrevocable trust established by his father in 1986. Trustees assumed their duties as successor trustees of the trust in 1989. Since then, the trust has been administered exclusively in Milwaukee County, Wisconsin. Nonetheless, pursuant to a provision in the trust, Florida trust law governs the agreement.

In May 2004, beneficiary filed a complaint in Denver District Court seeking damages for trustees' alleged mismanagement of the trust. Beneficiary alleged claims for common law professional negligence, general negligence, and willful breach of fiduciary duties of reasonable care and loyalty. Beneficiary also raised a statutory claim under Florida trust law.

Trustees moved to dismiss the complaint for lack of subject matter jurisdiction under §§ 13–9–103 and 15–16–201, C.R.S.2005, contending the probate court had exclusive jurisdiction over the action. Unlike other jurisdictions, Denver Probate Court is separate from Denver District Court. Before the district court ruled, beneficiary filed an unopposed motion to transfer the case to Denver Probate Court, which the district court granted in August 2004.

Soon after the case was transferred to probate court, trustees filed an objection to the proceedings based on § 15–16–203. Trustees included affidavits establishing Wisconsin as the state of the trust's administration and consenting to the jurisdiction of the appropriate Wisconsin court, but objecting to the jurisdiction of the Denver Probate Court.

Beneficiary argued that (1) trustees waived their right to object to the jurisdiction of the probate court, (2) dismissal would seriously impair the interests of justice, and (3) his constitutional right of access to the courts would be violated. Beneficiary submitted an affidavit, stating he would be unable to pursue the case in Wisconsin because of his disability, his modest income, and the unwillingness of his counsel to represent him in Wisconsin.

The probate court dismissed the complaint pursuant to § 15–16–203, stating it was not persuaded "that the interests of justice would be seriously impaired if [beneficiary's] present Colorado counsel were unable to continue to represent him."

## II.

Beneficiary contends that by applying § 15–16–203 to dismiss his complaint, the probate court denied him access to Colorado courts, contrary to article II, § 6 of the state constitution. We disagree.

### A.

Both the United States and Colorado Constitutions guarantee a procedural right of access to the courts. U.S. Const. amend. XIV, § 1; Colo. Const. art. II, § 6; *see also Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *In re Marriage of Hartley,* 886 P.2d 665 (Colo.1994).

■ However, the constitutional right to access does not create substantive rights. Instead, it provides a procedural right to a judicial remedy whenever the General Assembly has created a substantive right and a cause of action. *In re Marriage of Hartley, supra,* 886 P.2d at 675; *Allison v. Indus. Claim Appeals Office,* 884 P.2d 1113 (Colo. 1994); *O'Quinn v. Walt Disney Prods., Inc.,* 177 Colo. 190, 195 493 P.2d 344 (1972).

■ Although reasonable burdens on the right of access are permissible, denying a resident plaintiff the choice of a Colorado forum is typically considered an unreasonable burden. *See Firelock Inc. v. Dist. Court,* 776 P.2d 1090 (Colo.1989); *McDonnell–Douglas Corp. v. Lohn,* 192 Colo. 200, 557 P.2d 373 (1976).

### B.

Section 15–16–203 provides:

The court will not, over the objection of a party, entertain proceedings under section 15–16–201 involving a trust registered or having its principal place of administration in another state, except when all appropriate parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration, or when the interests of justice otherwise would seriously be impaired. The court may condition a stay or dismissal of a proceeding under this section on the consent of any party to jurisdiction of the state in which the trust is registered or has its principal place of business, or the court may grant a continuance or enter any other appropriate order.

Section 15–16–203, a probate statute based on § 7–203 of the Uniform Probate Code (U.P.C.), 8 U.L.A. 496 (1998), applies to proceedings that involve "the administration and distribution of trusts, the declaration of rights, and the determination of other matters involving trustees and beneficiaries of trusts." Section 15–16–201(1), C.R.S.2005.

■ Because § 15–16–203 has not been previously construed in any published appellate decisions in Colorado, we turn to other sources to inform our analysis.

■ Statutes modeled on U.P.C. § 7–203 create statutory versions of the common law doctrine of forum non conveniens and grant trial courts discretion to dismiss a case when the trust is principally administered in another state. *See* U.P.C. § 7–203 cmt.

Other jurisdictions have held that such statutes are not jurisdictional. Instead, they provide that, when there is a possibility of litigating in more than one forum, trust litigation should proceed in the most appropriate forum. *See Levine v. Steiger,* 765 So.2d 249 (Fla.Dist.Ct.App.2000); *see also In re Estate of McMillian,* 603 So.2d 685 (Fla.Dist. Ct.App.1992) (holding that Florida's version of U.P.C. § 7–203 is in the nature of a venue statute and not jurisdictional); *Macaulay v. Wachovia Bank,* 333 S.C. 201, 508 S.E.2d 46, 48 (Ct.App.1998) (stating that South Carolina's version of U.P.C. § 7–203 "does not deny or confer jurisdiction upon South Carolina courts").

Unlike their common law counterpart, statutes such as § 15–16–203 create the presumption that the state court should dismiss actions against foreign trusts. *See Macaulay v. Wachovia Bank, supra,* 508 S.E.2d at 48–49. To overcome this presumption, the nonmoving party must show that "the interests of justice would be strongly impaired by referring the case to the state where the trust is registered." *Macaulay v. Wachovia Bank, supra,* 508 S.E.2d at 49.

When determining whether the interests of justice would be strongly impaired by refer-

ring a case to the foreign jurisdiction, it is helpful to consider the same factors that courts apply when examining forum non conveniens under common law. *See Macaulay v. Wachovia Bank, supra,* 508 S.E.2d at 49. These factors include the availability of evidence, the availability of an alternative forum, the interest of the state in the litigation, the law to be applied, the availability of witnesses, and the cost of obtaining attendance of willing witnesses. *PMI Mortgage Ins. Co. v. Deseret Fed. Sav. & Loan,* 757 P.2d 1156, 1158–59 (Colo.App.1988). As to cost, however, the Colorado Supreme Court has noted that expense is inherent in all litigation. *McDonnell–Douglas Corp. v. Lohn, supra,* 192 Colo. at 202, 557 P.2d at 374 (applying the common law doctrine).

■ Under the common law doctrine, we give substantial deference to the trial court's determination of whether to dismiss an action based on forum non conveniens and reverse only if there was a clear abuse of discretion. *UIH–SFCC Holdings, L.P. v. Brigato,* 51 P.3d 1076, 1079 (Colo.App.2002).

### C.

■ In this case, the trust is principally administered in Wisconsin, the witnesses are located there, and the relative cost of litigation in one jurisdiction or another cannot be assumed. Beneficiary did not allege any claims based on substantive statutory rights or causes of action created by the Colorado legislature. Instead, he alleged claims based on Florida statutory trust law, as well as common law theories of negligence and breach of fiduciary duty. The negligence and breach of fiduciary duties claims are supported by allegations that trustees mismanaged the trust in Colorado and that a trustee used undue influence to force beneficiary to sell real property located in Colorado.

Because trustees objected to the case being heard in Colorado, § 15–16–203 requires that Colorado courts refrain from entertaining the proceedings, unless the probate court finds that referring the case to the state of the trust's administration would strongly impair the interests of justice.

■ Here, we conclude that the probate court did not abuse its discretion when it concluded that referring the case to the state of the trust's administration would not strongly impair the interests of justice, especially considering § 15–16–203's presumption in favor of transfer and the high burden placed on the nonobjecting party to establish the exception. In addition, we conclude that beneficiary's constitutional right of access to Colorado courts was not violated because his claims were not based on a substantive right or cause of action created by the Colorado legislature.

### III.

■ Beneficiary also contends that trustees cannot invoke § 15–16–203 because, under C.R.C.P. 12(g), they waived their right to object to jurisdiction by not including it in their C.R.C.P. 12(b)(1) motion to dismiss filed in the district court. We disagree.

We review the application of procedural rules de novo. *See Tidwell v. City & County of Denver,* 83 P.3d 75 (Colo.2003).

In relevant part, C.R.C.P. 12(g) provides that if a party omits available defenses or objections from a C.R.C.P. 12 motion, that party may not raise those issues in a subsequent motion. Issues that may be waived include lack of personal jurisdiction and insufficiency of process. C.R.C.P. 12(h)(1).

As noted earlier, beneficiary first filed suit in the district court. Trustees filed a C.R.C.P. 12(b)(1) motion to dismiss the action for lack of subject matter jurisdiction, arguing that, under § 15–16–201, the probate court had exclusive jurisdiction. Beneficiary then moved to transfer the case to Denver Probate Court, which had exclusive jurisdiction, and authority to apply § 15–16–203 and hear, stay, or dismiss the case with a view to proceedings in Wisconsin.

Therefore, we conclude that C.R.C.P. 12 did not require trustees to invoke § 15–16–203 in a court that lacked subject matter jurisdiction, and that trustees' failure to raise their objection in the district court did not waive their right to raise it in Denver Probate Court.

IV.

Beneficiary also contends that, under *Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187 (Colo.2005), the probate court erred by not holding an evidentiary hearing to decide material issues of disputed jurisdictional fact. Here, however, neither party requested a hearing. Moreover, because we conclude that § 15–16–203 is not a jurisdictional statute, *Lukoil* does not require an evidentiary hearing here.

The order is affirmed.

Judge ROTHENBERG and Judge GRAHAM concur.