COLORADO COURT OF APPEALS                                    **2017COA59**

---

Court of Appeals No. 16CA0766
City and County of Denver District Court No. 15CV33990
Honorable Michael A. Martinez, Judge

---

John Cox,

Plaintiff-Appellant,

v.

Sage Hospitality Resources, LLC,

Defendant-Appellee.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE FOX
Román and Booras, JJ., concur

Announced May 4, 2017

---

Killian, Davis, Richter & Mayle, P.C., J. Keith Killian, Andrew S. Petroski,
Grand Junction, Colorado, for Plaintiff-Appellant

Waltz|Reeves, Richard A. Waltz, Christopher R. Reeves, Denver, Colorado, for
Defendant-Appellee

¶ 1     Plaintiff, John Cox, appeals the Denver District Court's dismissal of his complaint on the basis of forum non conveniens. We conclude that potential double recovery — where a resident plaintiff is simultaneously suing different defendants in Colorado and another state for the same damages — does not constitute "most unusual circumstances" under forum non conveniens as articulated in *McDonnell-Douglas Corp. v. Lohn,* 192 Colo. 200, 557 P.2d 373 (1976).  We therefore reverse and remand the case with directions.

## I.     Background

¶ 2     In May 2013, Cox, a Colorado resident, was staying at the Hilton San Diego/Del Mar Hotel (the hotel) in California.  Cox was walking from his room on an outdoor path toward the breakfast area of the hotel when he lost his footing and fell, suffering a spiral fracture to his femur.

¶ 3     Defendant, Sage Hospitality Resources, LLC (Sage), owns the hotel property.  Sage's members are Colorado residents, and its principal place of business is in Denver, Colorado.  WS HDM, LLC (WS HDM), incorporated in Delaware and licensed to do business in California, owns and operates the hotel.

1

¶ 4    Cox simultaneously filed actions against both Sage and WS HDM in the United States District Court for the District of Colorado and the United States District Court for the Southern District of California.  Cox voluntarily dismissed his Colorado action after learning that the federal court lacked diversity jurisdiction because Cox and Sage shared Colorado citizenship.  The United States District Court for the Southern District of California later dismissed Cox's action against Sage and WS HDM for lack of subject matter jurisdiction.

¶ 5    In November 2015, Cox sued Sage in Denver District Court and WS HDM in California state court.  Sage moved to dismiss the action in Denver District Court under the doctrine of forum non conveniens.  Sage's motion asserted that two unusual circumstances warranted dismissing Cox's claim: (1) the incident occurred in California, and evidence and witnesses were principally located there; and (2) Cox was pursuing a civil action in California state court, creating a risk of double recovery for the same damages related to his fall.

¶ 6    In March 2016, the Denver District Court, in a five-page order, granted Sage's motion to dismiss, noting that judicial economy

concerns and the potential for double recovery allowed for dismissal under the doctrine of forum non conveniens. Despite the Denver District Court's reasoned order, we reverse based on the Colorado Constitution, article II, section 5; the Colorado Citizens' Access to Colorado Courts Act, §§ 13-20-1001 to -1004, C.R.S. 2016; and Colorado Supreme Court precedent.

## II. Forum Non Conveniens

¶ 7    Cox argues that the Denver District Court erred in granting Sage's motion to dismiss because there were no unusual circumstances sufficient to overcome the strong presumption in favor of Colorado courts hearing cases brought by Colorado residents. We agree.

### A. Preservation and Standard of Review

¶ 8    Cox properly preserved this issue for appeal.

¶ 9    A district court generally has discretion to dismiss an action if it concludes that a more appropriate forum lies elsewhere. *PMI Mortg. Ins. Co. v. Deseret Fed. Sav. & Loan*, 757 P.2d 1156, 1158 (Colo. App. 1988); *see also UIH-SFCC Holdings, L.P. v. Brigato*, 51 P.3d 1076, 1078 (Colo. App. 2002). However, a strong presumption in favor of a plaintiff's choice of forum exists in Colorado;

3

accordingly, Colorado courts have extremely limited discretion under this doctrine to dismiss an action filed by a resident plaintiff. *McDonnell-Douglas*, 192 Colo. at 201, 557 P.2d at 374; *see also* § 13-20-1002(1)(b), C.R.S. 2016 ("The general assembly finds and declares . . . [that] [s]ection 6 of article II of the Colorado constitution guarantees citizens of this state access to the courts of this state . . . ."); § 13-20-1002(2)(a) ("The general assembly finds that the purposes of [the Colorado Citizens' Access to Colorado Courts Act] are . . . [t]o ensure access of Colorado citizens to the courts of Colorado . . . .").

B.     Law

¶ 10     The Colorado Supreme Court has made clear that "the doctrine of [f]orum non conveniens has only the most limited application in Colorado courts." *McDonnell-Douglas*, 192 Colo. at 201, 557 P.2d at 374; *see also* Colo. Const. art. II, § 6 (providing that "[c]ourts of justice shall be open to every person," and "right and justice should be administered without sale, denial or delay").[1]

---

[1] Apparently, from 1976, when *McDonnell-Douglas Corp. v. Lohn*, 192 Colo. 200, 557 P.2d 373 (1976), was decided, to 2004, no

4

Under the Colorado Citizens' Access to Courts Act, courts must dismiss an action on forum non conveniens grounds only if:

> (a) The claimant or claimants named in the motion are *not* residents of the state of Colorado;
>
> (b) An alternative forum exists;
>
> (c) The injury or damage alleged to have been suffered occurred outside of the state of Colorado;
>
> (d) A substantial portion of the witnesses and evidence is outside of the state of Colorado; *and*
>
> (e) There is a significant possibility that Colorado law will not apply to some or all of the claims.

§ 13-20-1004(1) (emphasis added).

¶ 11    Thus, except in "most unusual circumstances," the choice of a Colorado forum by a resident plaintiff will not be disturbed. *McDonnell-Douglas*, 192 Colo. at 201, 557 P.2d at 374 (concluding

---

Colorado appellate court upheld a dismissal under this doctrine against a resident plaintiff. *See* N. Reid Neureiter & L. James Eklund, *Limited Availability of the* Forum Non Conveniens *Defense in Colorado State Courts*, 33 Colo. Law. 83, 83 (Nov. 2004). Neither party has cited to, nor are we aware of, any legal authority showing that a Colorado appellate court has upheld such a dismissal from 2004 to the present.

that an out-of-state injury, inconvenience, and expense did not provide a basis to dismiss the action on forum non conveniens grounds); *see also Kelce v. Touche Ross & Co.*, 192 Colo. 202, 203-04, 557 P.2d 374, 375 (1976) (concluding that, given Colorado's constitutional access to courts provisions, the expense of securing witnesses, the location of the evidence, and the availability of another court were not a basis for dismissal under this doctrine); *Casey v. Truss*, 720 P.2d 985, 986 (Colo. App. 1986) (deciding that the applicability of non-Colorado law to the controversy, inconvenience, and expense did not justify a dismissal on forum non conveniens grounds).[2]

## C. Analysis

¶ 12     For the following reasons, the Denver District Court erred in dismissing Cox's action on forum non conveniens grounds based on judicial inefficiency and risk of double recovery.

---

[2] Although Colorado courts have yet to find "unusual circumstances" in a case by a resident plaintiff, other jurisdictions with a similar legal standard have concluded that if the "resident" plaintiff is only a nominal party, such unusual circumstances may exist. *See Universal Adjustment Corp. v. Midland Bank, Ltd., of London,* 184 N.E. 152 (Mass. 1933); *Atchison, Topeka & Santa Fe Ry. Co. v. Dist. Court,* 298 P.2d 427 (Okla. 1956).

¶ 13    While judicial economy often factors into a court's forum non conveniens analysis, this factor alone does not outweigh a resident plaintiff's constitutionally based interest in having his action heard by Colorado state courts. *See McDonnell-Douglas*, 192 Colo. at 201, 557 P.2d at 374; *see also Firelock Inc. v. Dist. Court*, 776 P.2d 1090, 1101 (Colo. 1989) (Lohr, J., dissenting) ("The lesson of *McDonnell-Douglas* is that we must carefully scrutinize any innovative procedure, however well intended, that interferes with the fundamental right of every person to obtain access to the courts to obtain redress for their legally cognizable grievances.") (footnote omitted). Cox is a Colorado resident and claims to prefer to sue Sage in Colorado. Even though Cox filed a related suit in California state court, the existence of that lawsuit does not trump Cox's choice of forum in his home state. *See Brigato*, 51 P.3d at 1079-80 (concluding that "most unusual circumstances" sufficient to allow dismissal on forum non conveniens grounds were not present where "similar litigation was pending in French Polynesia"); *see also Kelce*, 192 Colo. at 203-04, 557 P.2d at 375; *Casey*, 720 P.2d at 986. The California state court suit is against a different defendant, and the

record does not indicate that the joinder of Sage in Cox's California state court suit is mandatory.

¶ 14 Nor does the risk of double recovery overcome the presumption in favor of Colorado courts hearing suits filed by Colorado resident plaintiffs. We are unaware of any Colorado case — and the parties cite none — that included potential double recovery as a factor courts must consider when deciding whether to dismiss an action under the doctrine of forum non conveniens, or that identified potential double recovery as a "most unusual circumstance" sufficient to oust a resident plaintiff from his chosen forum. *See McDonnell-Douglas*, 192 Colo. at 201, 557 P.2d at 374; *see also Brigato*, 51 P.3d at 1079-80.

¶ 15 Sage argues that *Crane ex rel. Cook v. Mekelburg*, 691 P.2d 756, 760 (Colo. App. 1984), shows that Colorado courts include potential double recovery in their forum non conveniens considerations. We disagree. That division discussed potential double recovery only after it concluded its forum non conveniens analysis. *See id.* at 759. Further, it discussed potential double recovery and "splitting" cases in the specific context of interpreting

8

a state's wrongful death statute, not the doctrine of forum non conveniens. *Id.* at 759-60.

¶ 16 The parties agree that California law governs Cox's claims. The legal framework controlling the calculation of damages is substantive law. *See Target Corp. v. Prestige Maint. USA, Ltd.*, 2013 COA 12, ¶ 18 (concluding that the evidence needed to support a future damages award is a substantive issue "because damages are the measure of a party's liability"); *see also Marine Midland Bank v. Kilbane*, 573 F. Supp. 469, 470 (D. Md. 1983) (reasoning that damages are a substantive matter). Thus, California law applies to Cox's claims and any damages award, even if his case is tried in Colorado. And California law, like Colorado law, *see Quist v. Specialties Supply Co.*, 12 P.3d 863, 866 (Colo. App. 2000), does not allow double recovery for the same injury.[3]  *See Tavaglione*

---

[3] To the extent that Sage referenced, during oral argument, other irregularities in California law that could result in Sage and WS HDM each being held liable for all for Cox's damages, Sage did not present that argument to the Denver District Court or to this court before oral argument. Therefore, we will not entertain those arguments on appeal. *See Liberty Bankers Life Ins. Co. v. First Citizens Bank & Tr. Co.*, 2014 COA 151, ¶ 25 ("[T]o preserve arguments for appeal, 'the trial court must be presented with an

*v. Billings*, 847 P.2d 574, 580 (Cal. 1993). Colorado courts may employ various approaches to enforce this rule — including trailing related litigation, precluding recovery under the doctrine of collateral estoppel, applying the equitable doctrine of unjust enrichment, and offsetting the damages award after the judgment has been entered — but dismissal under forum non conveniens is not one of them. *See US Airways, Inc. v. McCutchen*, 569 U.S. \_\_\_, \_\_\_, 133 S. Ct. 1537, 1545 (2013) (discussing how asserting the equitable defense of unjust enrichment can prevent double recovery); *see also O'Callaghan v. S. Pac. Co.*, 20 Cal. Rptr. 708, 712 (Cal. Ct. App. 1962) ("[T]he right to seek equitable setoff after the entry of judgment has long been recognized by the California courts."); *Quist*, 12 P.3d at 866 (discussing the preclusive effect of a damages award received after arbitration on a later court proceeding involving the same parties).

---

adequate opportunity to make findings of fact and conclusions of law.'") (citation omitted); *see also Bumbal v. Smith*, 165 P.3d 844, 847 (Colo. App. 2007) (declining to consider an argument raised for the first time during oral argument and not in the briefs on appeal).

10

¶ 17 Because we conclude that the Denver District Court misapplied the law of forum non conveniens in dismissing Cox's action, we reverse the challenged order. *See Patterson v. BP Am. Prod. Co.*, 2015 COA 28, ¶ 67 (noting that a district court abuses its discretion when it misapplies the law).

### III. Conclusion

¶ 18 The judgment is reversed, and the case is remanded to the Denver District Court for further proceedings consistent with this opinion.

JUDGE ROMÁN and JUDGE BOORAS concur.